UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CRIMINAL NO. 95-10046-PBS |
| ) | (Related to |
| FRANK BRIMAGE, JR. ) | C.A NO. 12-11461-PBS) |
| Defendant. ) | |

**MEMORANDUM AND ORDER**
August 13, 2012

SARIS, U.S.D.J.

On July 23, 2012, District Judge Loretta A. Preska of the United States District Court for the Southern District of New York issued a Transfer Order in the case <u>Brimage v. Billingsley</u>, Civil Action No. 12-4576 (LAP). That Transfer Order directed that petitioner Frank Brimage, Jr.'s ("Brimage") petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Docket No. 228 in this action) be transferred to the United States Court of Appeals for the First Circuit ("First Circuit").[1]

Brimage, currently a prisoner in custody at FCI Otisville in Otisville, New York, challenges his criminal conviction in this District, on the grounds that he is "actually innocent" of the crime with which he was charged.[2] He claims that the government

---

[1] The petition was filed on June 11, 2012 in the Southern District of New York.

[2] On September 27, 1995, Brimage was convicted by a jury of being a felon in possession of a firearm and ammunition. On February 1, 1996, this Court imposed a term of imprisonment of

impermissibly amended the Indictment at trial by broadening the possible basis for conviction to include ammunition and firearms which were not charged in the Indictment.  See Transfer Order (Docket No. 228-5).

Brimage sought to invoke the savings clause of 28 U.S.C. § 2255 in order to bring this § 2241 habeas petition; however, Judge Preska determined that the petition must be construed as a motion brought under § 2255, and she rejected Brimage's argument that § 2255 was an inadequate or ineffective remedy to challenge his continued detention simply because he could not meet AEDPA's gate-keeping requirements.  Thus, she found this petition could not be raised under § 2241, and that the petition constituted a second or successive § 2255 motion (as Brimage's prior § 2255 motion had been decided on the merits).[3]  In light of this, Judge

---

262 months.  See Judgment (Docket No. 166).  Thereafter, Brimage's Motion for a New Trial was denied.  Brimage filed an appeal, and on July 1, 1997, the First Circuit affirmed the Judgment of this Court.  See United States v. Brimage, 115 F.3d 73 (1st Cir. 1997).

[3]This Court previously denied Brimage's three prior attempts challenging his conviction.  On August 30, 1998, Brimage filed a Motion to Vacate Sentence under § 2255 (Docket No. 216).  See Brimage v. United States, Civil Action No. 98-12462-PBS.  On November 6, 1998, Brimage filed a Supplemental petition under § 2255.  On October 25, 1999, this Court issued a Memorandum and Order (Docket No. 7) denying the first motion and rejecting Brimage's arguments that a Special Agent was in the jury room during deliberations; that his trial counsel rendered ineffective assistance of counsel by failing to argue that the government entrapped him into criminal activity.  The same day, this Court issued an Order (Docket No. 8) denying the supplemental motion to vacate under § 2255.  Thereafter, on July 25, 2005, and again on

Preska directed transfer of the petition because Brimage must first obtain permission from the First Circuit to file the case in the District Court.

For some reason, the case file was transferred to this District Court instead of the First Circuit.  The Clerk's Office opened the matter as a new case and assigned in as <u>Brimage v. United States</u>, Civil Action No. 12-11461-PBS.

Accordingly, it is hereby Ordered that Brimage's habeas petition forwarded from the Southern District of New York, be <u>TRANSFERRED</u> by the District Court Clerk to the Clerk's Office for the First Circuit, forthwith.

It is further Ordered that, in light of the transfer of this action, <u>Brimage v. United States</u>, Civil Action No. 12-11461-PBS, shall be <u>DISMISSED</u> and terminated as a pending case on this Court's docket, and the Motion to Vacate (Docket No. 228) shall be <u>DENIED</u> as moot in view of this Transfer Order.

SO ORDERED.                         /s/ Patti B. Saris
                                    PATTI B. SARIS
                                    United States District Judge

---

September 28, 2005, Brimage filed motions in his criminal case pursuant to Rule 60(b) based on newly discovered evidence (Docket Nos. 225 and 226).  On October 3, 2007, this Court issued a Memorandum and Order (Docket No. 227) denying Brimage's request for review of his sentence enhancement under 18 U.S.C. § 924(e), <u>see</u> Docket No. 225, treating his request as a second or successive § 2255 motion.  On March 12, 2012, this Court entered an Electronic Order finding his second request (Docket No. 226) to be moot.